Philip McGrady
MCGRADY LAW FIRM
P.O. Box 40
Park City, Montana 59063
406-322-8647 (phone)
406-322-8649 (fax)
philip@mcgradylawfirm.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA,
# BILLINGS DIVISION

| | | |
|---|---|---|
| MCKEEG RUSSELL,<br>Individually and on behalf of<br>other employees similarly situated<br><br>Plaintiff,<br>v.<br><br>ALL ABOUT OIL FIELD<br>SERVICES, LLC<br><br>Defendant. | § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. McKeeg Russell ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from All About Oil Field Services, LLC ("AAOFS" or "Defendant").

2. Plaintiff was employed as a Roust About.

1

3. Plaintiffs and other Roust Abouts worked for Defendant performing largely technical and manual labor type job duties that required them to work in excess of 40 hours a week.

4. Instead of paying overtime as required by the FLSA, Defendant paid all Roust Abouts a day-rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers as a result of Defendant's violations of the FLSA.

## II. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Defendant conducts substantial business in this District and Division and maintains places of business in Sidney, Richland County, Montana which is located in this District and Division.

## III. THE PARTIES

8. McKeeg Russell worked for Defendant during the relevant statutory time period as a Roust About. His consent to be a party plaintiff is attached as Exhibit A.

9. The class of similarly situated employees ("Putative Class Members") consists of:

   **ROUST ABOUTS WHO WORKED FOR ALL ABOUT OIL FIELD SERVICES, LLC IN THE PAST THREE (3) YEARS WHO WERE PAID A BASE SALARY AND PER DIEM WITH NO OVERTIME COMPENSATION.**

10. Defendant AAOFS is a Montana corporation that conducts business across the United States. Defendant may be served by serving its registered agent, Melissa Rae Severson, 706 9th Ave. SW, Sidney, MT 59270 or at any other place it may be found.

## IV. FACTS

11. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq.

12. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

13. Defendant employed Plaintiff as a "Roust About." Roust Abouts would smooth the drill site, assemble and put together the gas blow up line, lay out and organize pipes and tools, and use the forklift and bucket to handle the waste.

3

14. After rigging up the equipment at each location, Plaintiff operated the equipment, worked long hours, seven days a week, for weeks at a time. Plaintiff was responsible for the tools during drilling operations, which was 24 hours a day.

15. AAOFS denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff regularly worked in excess of 40 hours a week, but never received overtime compensation.

16. Instead of paying overtime, AAOFS paid Plaintiff a salary and a day-rate for all hours work. AAOFS applied this pay practice despite clear and controlling law that states that the manual labor/technical duties which were performed by Plaintiff consist of non-exempt work.

17. Roust Abouts worked 24 hours a day up to 7 days a week and regularly worked over 40 hours a week without overtime pay.

## V. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices AAOFS imposed on Plaintiff were similarly imposed on the Putative Class Members.

19. Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA.

20. Numerous other employees who worked with Plaintiff have indicated that they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

21. Based on his experiences and tenure with AAOFS, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

22. The Putative Class Members all received a hybrid base salary and a day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

23. Defendant's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

24. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

25. The specific job titles or precise job locations of the various Putative Class Members do not prevent collective treatment.

26. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Class, as defined below. Like each member of the proposed class,

Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

27. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

28. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and AAOFS will reap the unjust benefits of violating the FLSA.

29. Furthermore, even if some of the Putative Class Members could afford individual litigation against AAOFS, it would be unduly burdensome to the judicial system.

30. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

31. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a. Whether AAOFS employed Putative Class Members within the meaning of the applicable federal statutes, including the FLSA;

b. Whether the Putative Class Members were improperly classified by AAOFS as exempt from overtime compensation;

c. Whether AAOFS's decision to classify the Putative Class Members as exempt was made in good faith;

d. Whether AAOFS's violation of the FLSA was willful; and

e. Whether AAOFS's failure to pay Plaintiff and the Putative Class Members overtime pay due to them by virtue of their uniform designation as exempt.

32. Plaintiff's claims are typical of the Putative Class Member's claims. Plaintiff, the Putative Class Members with FLSA claims have sustained damages arising out of AAOFS's illegal and uniform employment policy.

33. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

34. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### VI. COVERAGE UNDER THE FLSA

35. At all times hereinafter mentioned, AAOFS has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36. At all times hereinafter mentioned, AAOFS has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37. At all times hereinafter mentioned, AAOFS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

38. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## VII. FLSA VIOLATIONS

39. AAOFS employed Plaintiff and each Putative Class Member.

40. All Putative Class Members are afforded the protections of the FLSA and therefore members of the FLSA Class.

41. During the limitations period, AAOFS had a policy and practice of refusing to pay the FLSA Class overtime for hours worked in excess of 40 per week.

42. AAOFS's failure to pay Plaintiff and the FLSA Class overtime at rates not less than one and one-half times their regular rates is a violation of 29 U.S.C. § 207.

43. The foregoing conduct constitutes a willful violation of the FLSA. Due to AAOFS's FLSA violations, Plaintiff and the FLSA Class are entitled to recover from AAOFS their unpaid overtime compensation, an amount equal to their unpaid overtime compensation as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

## VIII. RELIEF SOUGHT

44. WHEREFORE, Plaintiff prays for judgment against AAOFS as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding AAOFS liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

    d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

    e.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    f.    For an Order granting such other and further relief as may be necessary and appropriate.

## IX.  JURY DEMAND

45.  Plaintiff demands a trial by jury.

        Respectfully submitted,

        M<small>C</small>G<small>RADY</small> L<small>AW</small> F<small>IRM</small>

        <u>/s/ Philip McGrady</u>
        Philip McGrady
        Attorney for Plaintiffs

**OF COUNSEL:**
TRAN LAW FIRM L.L.P.
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
9801 Westheimer Rd., Suite 302
Houston, Texas 77042
(713) 223-8855 Telephone
(713) 623-6399 Facsimile